UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE PAUL MCABEE,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:17-CV-04090-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

On June 27, 2017, Terrance Paul McAbee, a federal prisoner currently incarcerated in the Federal Correctional Institution at Big Spring, Texas, filed his "Notice of Constitutional Challenge and Motion to Intervene with an Injunction." Docket No. 1. Upon reviewing Mr. McAbee's submissions it was unclear whether Mr. McAbee wished to challenge his conviction with a habeas petition pursuant to 28 U.S.C. § 2255 or whether he intended to challenge the conditions of his confinement and seek money damages pursuant to 42 U.S.C. § 1983. He challenges the constitutionality of various statutes he was convicted under, which would be appropriate for a habeas action. Id. However, he apparently is seeking money damages, a form of relief not available in a habeas action.

Accordingly, on July 28, 2017, this court issued an order requiring Mr. McAbee to clarify which form of relief he was seeking. See Docket No. 3.

The court also sent Mr. McAbee a packet of materials for filing a § 2255 petition. Id. The court notified Mr. McAbee that he was required to file his § 2255 petition, or alternatively, notify the court he was seeking money damages pursuant to § 1983, prior to September 15, 2017. Id. Mr. McAbee was notified that failure to comply with the court's order might result in dismissal of his case. Id.

Mr. McAbee filed a miscellaneous submission of 121 pages on August 21, 2017, and a "notice of fault" on August 15, 2017, but did not fill out the § 2255 paperwork the court sent to him. See Docket Nos. 4 & 5. His filings include mostly financial documents and references, including promissory notes, Uniform Commercial Code references, Internal Revenue Service notices, payment bonds, surety documents, reinsurance agreements, etc. Id.

**FACTS**

Mr. McAbee has been prosecuted in this court three times, most recently in 2014. See United States v. McAbee, 4:14-cr-40027-KES (DSD); United States v. McAbee, 4:07-cr-40076-LLP(DSD); and United States v. McAbee, 4:03-cr-40110-LLP (DSD). All three prosecutions were drug-related.

Regarding his 2014 prosecution, Mr. McAbee entered a plea of guilty and was sentenced on February 6, 2015, to a term of incarceration of 210 months. See United States v. McAbee, 4:14-cr-40027-KES, Docket No. 79 (DSD Feb. 6, 2015). No direct appeal was taken nor was any habeas petition filed prior to a new sentence being imposed.

On January 19, 2016, an amended judgment was filed revising Mr. McAbee's term of incarceration to 105 months' imprisonment. Id. Docket No. 86 (DSD Jan. 19, 2016). Again, no direct appeal was taken following imposition of sentence. Seventeen months later, Mr. McAbee filed his instant pleading in this case on June 27, 2017. It is that pleading which is the subject of this opinion.

**DISCUSSION**

A motion to vacate, set aside, or correct one's sentence is appropriately filed in the district in which the prisoner was sentenced. United States v. Hayman, 342 U.S. 205, 212-16 (1952). For Mr. McAbee, a § 2255 motion would appropriately be filed in the District of South Dakota. However, such motions are subject to a one-year statute of limitations that begins running (among other dates), when the judgment of conviction becomes final. See 28 U.S.C. § 2255(f). A criminal judgment of conviction becomes final 14 days after the judgment is entered if no notice of appeal is filed. See Fed. R. App. P. 4(b)(1)(A)(i). Mr. McAbee's amended judgment became final on February 2, 2016. Therefore, he had until February 2, 2017, to file a § 2255 motion.

Mr. McAbee did not file his pleading within the one-year statute of limitations for § 2255 motions—he filed 15 months after his amended judgment was entered, on June 27, 2017. He also has not placed any facts or arguments in the record which would justify equitable tolling of the statute of limitations in his case. If, therefore, Mr. McAbee's pleading is in fact a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, this court

3

recommends that the motion be denied and no certificate of appealability be issued because such a motion is untimely.

If, however, Mr. McAbee seeks money damages as a result of the conditions of confinement, his pleading must also be dismissed. Actions for money damages pursuant to 42 U.S.C. § 1983 must be filed in the district where the prisoner is incarcerated. See 28 U.S.C. § 1391(b)(1) & (2). In Mr. McAbee's case, that would be the Northern District of Texas. If, then, Mr. McAbee is really seeking money damages as a result of violations of his constitutional rights as to the conditions of confinement, then his pleading must also be dismissed.

There is a third possible way Mr. McAbee's pleadings might be interpreted. They can be interpreted to be a request for money damages for the *fact* of his incarceration. Some of the statements and documents Mr. McAbee has submitted seem to imply that his conviction itself was in violation of the law. Such a pleading would also be subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Court held a § 1983 plaintiff who seeks damages arising out of an allegedly unconstitutional conviction or imprisonment or for any other injury caused by actions whose unlawfulness would render a criminal judgment invalid, "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. "A

4

claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 487.

Here, Mr. McAbee's federal conviction on which he is now incarcerated has not been reversed on direct appeal, expunged by executive order, nor declared invalid by any order of any court. Accordingly, a § 1983 action for damages for wrongful conviction or imprisonment is barred by Heck.

## CONCLUSION

Mr. McAbee's filings with this court are ambiguous. Efforts by the court to attempt to have Mr. McAbee clarify his intentions have been unsuccessful. The court has attempted to interpret his *pro se* pleadings generously. No matter how the court construes Mr. McAbee's pleadings, however, the court concludes he cannot maintain an action in this court.

Accordingly, this court respectfully recommends Mr. McAbee's complaint/motion be dismissed and no certificate of appealability be issued. If the district court concludes Mr. McAbee's pleading is in fact a § 2255 motion or a § 1983 action for damages for wrongful conviction barred by Heck, then the dismissal should be *with* prejudice. If the court construes Mr. McAbee's pleading to be a § 1983 action for damages regarding the conditions of confinement, dismissal should be *without* prejudice to Mr. McAbee's ability to refile in the Northern District of Texas.

## NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1),

5

unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED September 18, 2017.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge