UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE PAUL MCABEE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATE OF AMERICA,<br><br>Respondent. | 4:17-CV-04090-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE |

Petitioner, Terrance Paul McAbee, filed a "Notice of Constitutional Challenge and Motion to Intervene with an Injunction." Docket 1. The court referred the motion to Magistrate Judge Veronica Duffy, who ordered McAbee to clarify whether he wished to challenge his conviction with a habeas petition under 28 U.S.C. § 2255 or whether he intended to challenge the conditions of his confinement and seek money damages under 42 U.S.C. § 1983. Docket 3. Magistrate Judge Duffy's order notified McAbee that failure to comply with the court's order might result in dismissal of his case. *Id.*

On September 18, 2017, Magistrate Judge Duffy submitted a report and recommended that McAbee's petition be dismissed. Docket 6. The time for objections has passed. No objections to the report and recommendation have been filed. The court has considered the case de novo and adopts the report and recommendation in full. And the court construes McAbee's pleadings as a § 2255 motion.

Motions under § 2255 are subject to a one-year statute of limitation that

runs from the latest of four specified dates. *See* 28 U.S.C. § 2255(f). Only one date is relevant here, which is "the date on which the judgment of conviction becomes final." *Id.* A criminal judgment of conviction becomes final 14 days after the judgment is entered if no notice of appeal is filed. *See* Fed. R. App. P. 4(b)(1)(A)(i). McAbee's amended judgment became final on February 2, 2016. More than one year has passed since the date his judgment of conviction became final. And McAbee has not alleged that he was prevented from filing a motion, that a new right has been recognized, or that there was evidence that could not have been discovered until recently to establish his innocence by clear and convincing evidence. Thus, McAbee's motion is time barred. Accordingly, it is

ORDERED that the magistrate judge's report and recommendation (Docket 6) is adopted in full.

IT IS FURTHER ORDERED that McAbee's motion shall be construed as a motion under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that based upon the reasons set forth herein and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied.

DATED this 19th day of October, 2017.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE